UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARA B. CANNON-HARPER

       Plaintiff,

v.                                                          Case No. 06-10520

U.S. POSTMASTER GENERAL, JOHN E.          Honorable Patrick J. Duggan
POTTER,

       Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 19,2006.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On February 7, 2006, Plaintiff filed a pro se complaint in this Court against

Defendant John E. Potter, United States Postmaster General.  Plaintiff's complaint seeks

relief for events that allegedly occurred during and after her employment with the United

States Postal Service at their Detroit Bulk Mail Center in Allen Park, Michigan.

According to Plaintiff's hand-written complaint, it appears Plaintiff alleges gender

discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. § 2000e *et seq.*, a disability discrimination claim under the

1

Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, a wrongful disclosure claim under the

Privacy Act, 5 U.S.C. § 552a, and a claim for negligence.  On July 12, 2006, Defendant

filed a motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure

12(b)(6) contending dismissal is appropriate because Plaintiff's claims are time-barred.

**I.  Procedural History**

Plaintiff filed a formal complaint with the United States Postal Service ("Postal

Service") on September 2, 2003, alleging discrimination based on gender, age, disability,

and retaliation.  The complaint was dismissed on October 31, 2003, for failure to state a

claim.  Plaintiff appealed the Postal Service's dismissal to the Equal Employment

Opportunity Commission ("EEOC").  The EEOC affirmed the Postal Service's dismissal

on March 12, 2004.  On March 29, 2004, Plaintiff requested reconsideration and such

reconsideration was denied on April 26, 2004.

On June 21, 2004, Plaintiff filed a complaint in the Cook County Circuit Court in

Illinois.  That action was removed by the Defendant to the United States District Court for

the Northern District of Illinois ("District Court") on July 16, 2004.  On May 9, 2005,

Plaintiff's claims were dismissed by the District Court pursuant to Federal Rule of Civil

Procedure 12(b)(1) for lack of subject matter jurisdiction.  Pursuant to the District Court's

recommendation to file the action in the appropriate venue, Plaintiff then filed this action

in this Court.

**II.  Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

legal sufficiency of a complaint. Construing the complaint in a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Forest v. U.S. Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996). Although a Rule 12(b)(6) motion will not be granted "based on a disbelief of a complaint's factual allegations," the complaint must contain "more than the bare assertion of legal conclusions." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). In reviewing a motion to dismiss, the district court can refer to materials outside the pleadings so long as the extrinsic materials merely "fill in the contours and details of [a] complaint, and add[] nothing new." *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997). Finally, pro se party's filings are construed liberally. *Spotts v. United* States, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972)).

## III. Discussion

### A. Title VII & Rehabilitation Act Claims

Plaintiff claims Defendant sexually harassed her, retaliated against her for complaints she previously filed, and discriminated against her on the basis of her osteoarthritis. Title VII of the Civil Rights Act of 1964 provides a remedy for workplace gender discrimination and retaliation. *See* 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e-3(a). Furthermore, the Rehabilitation Act of 1973 provides federal employees with a remedy for disability-based discrimination. *Peltier v. United States*, 388 F.3d 984, 989

(6th Cir. 2004).

The Rehabilitation Act incorporates the procedures and remedies set forth in Title VII of the Civil Rights Act.  *See* 29 U.S.C. § 794a.  Title VII's statute of limitations provision provides in pertinent part:

> Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex, or national origin . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint . . . may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be defendant.

28 U.S.C. § 2000e-16(c).  The EEOC's denial of Plaintiff's request for reconsideration on March 29, 2004, explicitly stated that Plaintiff had 90-days to file a civil action, and Plaintiff acknowledges that she was aware of such limitation in her response to Defendant's motion.  (Pl.'s Resp. Br. at 1) (stating that the EEOC's denial of her request for reconsideration "gave Plaintiff's [sic] right to file civil action after commission stated there is no further right of administrative appeal on the decision").  Plaintiff filed this action in this Court on February 7, 2006.  Therefore, Plaintiff's Title VII and Rehabilitation Act claims are dismissed as time-barred.

## C.  Privacy Act Claim

Plaintiff alleges that Defendant wrongfully disclosed "medical, private, and personal records."  (Compl. ¶1).  The Privacy Act of 1974 provides for a cause of action for wrongfully disclosing records of federal agency employees.  *See* 5 U.S.C. 552a(b).  Such actions must be brought "within two years from the date on which the cause of action

4

arises." 5 U.S.C. § 552a(g)(5). An action arises under the Privacy Act when a plaintiff knew or should have known of the alleged violation. *Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987).

Plaintiff claims that Defendant's alleged disclosures occurred on June 3, 2003 and June 20, 2003. (Compl. ¶1). Defendant contends that because Plaintiff knew of the alleged wrongful disclosures in June 2003, the two-year statute of limitations expired in June 2005. Plaintiff filed suit in this Court on February 7, 2006, over seven months after the running of the two-year statute of limitations.

However, this does not end the inquiry. This Court must now consider whether equitable tolling is appropriate on these facts. "[A] Privacy Act claim for unlawful disclosure of personal information is sufficiently similar to a tort claim for invasion of privacy" to create a rebuttable presumption that equitable tolling applies. *Chung v. Dep't of Justice*, 333 F.3d 273, 277 (D.C. Cir. 2003). Furthermore, commencing an action in a court of competent jurisdiction tolls a statute of limitations. *See, e.g., Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 433, 85 S. Ct. 1050, 1057 (1965); *Farrell v. Auto. Club of Mich.*, 870 F.2d 1129, 1133 (6th Cir. 1989); *Silverberg v. Thomsom McKinnon Sec., Inc.*, 787 F.2d 1079, 1082 (6th Cir. 1986); *Fox v. Eaton Corp.*, 615 F.2d 716, 719 (6th Cir. 1980).

This Court finds that equitable tolling is appropriate from the time Plaintiff filed her complaint with the Cook County Circuit Court on June 21, 2004, until her claim was dismissed by the Northern District of Illinois on May 9, 2005. The Privacy Act states in relevant part:

> [a]n action to enforce any liability created under this section *may* be brought in the district of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, without regard to the amount in controversy . . .

5 U.S.C. § 552a(g)(5) (emphasis added).  Although the District Court dismissed Plaintiff's Privacy Act claim as being within the exclusive jurisdiction of the federal courts, this Court believes that its reading of the Privacy Act was too narrow.  Where a jurisdictional grant is unclear as to whether it confers exclusive subject matter jurisdiction in the federal courts, it is appropriate to equitably toll the statute of limitations while an action is pending in state court.  *See Fox v. Eaton Corp.*, 615 F.2d 716, 719-20 (6th Cir. 1980).  Plaintiff's original filing in the Cook County Circuit Court was not without a reasonable basis, because the Privacy Act's jurisdictional grant is permissive, rather than mandatory.  *See* 5 U.S.C. § 552a(g)(5); *id.* at 720.  Therefore, because the Privacy Act's statute of limitations was tolled while Plaintiff's claim was pending in the Cook County Circuit Court and the District Court for over 10 months, Plaintiff's Privacy Act claim is not time-barred.[1]

### D.  Negligence Claim

Plaintiff alleges that Defendant was negligent and she suffered "lower back

---

[1]To the extent Plaintiff argues that the filing of the complaint with the Postal Service satisfies the Privacy Act's two-year limitations period, Plaintiff misunderstands the Privacy Act's remedial scheme.  There is no administrative exhaustion requirement when a Plaintiff seeks damages under the Privacy Act.  *See, e.g., Quinn v. Stone*, 978 F.2d 126, 137 & n.22 (3d Cir. 1992); *Diederich v. Dep't of Army*, 878 F.2d 646, 647-48 (2d Cir. 1989); *Nagel v. U.S. Dep't of Health, Educ., & Welfare*, 725 F.2d 1438, 1441 n.2 (D.C. Cir. 1984).  Because Plaintiff seeks damages for Defendant's alleged wrongful disclosure, this Court does not consider whether the filing of Plaintiff's administrative complaint tolls the statute of limitations.

problems" as a result.  (Compl. ¶1).  The Federal Tort Claims Act ("FTCA") permits suits

against the United States for state law torts.  *See* 28 U.S.C. §§ 2671-80.  In order to sue

under the FTCA, an administrative claim must be filed as a prerequisite to filing a civil

action.  *See* 28 U.S.C. § 2675(a).  In addition, the FTCA states:

> A tort claim against the United States shall be forever barred unless it is presented
> in writing to the appropriate Federal agency within two years after such claim
> accrues or unless action is begun within six months after the date of mailing, by
> certified or registered mail, of notice of final denial of the claim by the agency to
> which it was presented.

28 U.S.C. § 2401(b).

Plaintiff has not presented her negligence claim "in writing" to the Postal Service.

Furthermore, Plaintiff does not indicate whether her claim accrued at a later date.

Therefore, without any indication to the contrary, Plaintiff's negligence claim is

dismissed as time barred.[2]

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss is **GRANTED** with respect

to Plaintiff's Title VII, Rehabilitation Act, and negligence claims;

**IT IS FURTHER ORDERED**, that Defendant's motion to dismiss is **DENIED**

with respect to Plaintiff's Privacy Act claim.

---

[2]As Defendant contends, Plaintiff's negligence claim could also be dismissed for other
reasons.  The Sixth Circuit has stated that the "[f]ailure to name the United States as defendant in
an FTCA suit results in a fatal lack of jurisdiction."  *Allegier v. United States*, 909 F.2d 869, 871
(6th Cir. 1990).  Furthermore, Plaintiff's negligence claim is governed exclusively by the Federal
Employee Compensation Act, 5 U.S.C. §§ 8101 *et seq*., which provides the exclusive remedy for
the workplace injuries of federal employees.  *Saltsman v. United States*, 104 F.3d 787, 789 (6th
Cir. 1997).

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Clara B. Cannon-Harper
P.O. Box 2862
Pine Bluff, AR 71613-2862

William L. Woodard, Esq.