UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARA B. CANNON-HARPER

    Plaintiff,

v.                                        Case No. 06-10520

U.S. POSTMASTER GENERAL, JOHN E.     Honorable Patrick J. Duggan
POTTER,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 17, 2006.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On February 7, 2006, Plaintiff filed a pro se complaint in this Court against Defendant John E. Potter, United States Postmaster General. Plaintiff's complaint asserts, among other claims, a claim for an alleged violation of the Privacy Act, 5 U.S.C. § 552a. Defendant filed a motion to dismiss on July 12, 2006, which this Court denied with respect to Plaintiff's Privacy Act claim. Presently before this Court is Defendant's motion for reconsideration, in which Defendant argues that the Court erred in finding that the Privacy Act's statute of limitations was tolled while Plaintiff's claims were pending in state and federal court.

Pursuant to Eastern District of Michigan Local Rule 7.1(g)(2), "[n]o response to [a]

motion [for reconsideration] and no oral argument are permitted unless the court orders otherwise." Furthermore, the standard for a Motion for reconsideration is set forth in Eastern District of Michigan Local Rule 7.1(g)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus, "[t]he Court will grant a motion for reconsideration if the moving party shows: (1) a 'palpable defect,' (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

The Court finds there is a palpable defect that would result in a different disposition of Plaintiff's Privacy Act claim. The federal government as sovereign is immune from suit absent its consent. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767 (1941). The terms and conditions of its consent limit the subject matter jurisdiction of the federal courts and must be construed narrowly. *Honda v. Clark*, 386 U.S. 484, 501, 87 S. Ct. 1188 (1967); *Soriano v. United States*, 352 U.S. 270, 276, 77 S. Ct. 269 (1957). There are two conditions at issue in this case. First, section 552a(g)(1) of the Privacy Act states that the "district courts of the United States shall have jurisdiction." 5 U.S.C. § 552a(g)(1). Second, section 552a(g)(5) imposes a two-year limitations period on claims brought under the Privacy Act.

5 U.S.C. § 552a(g)(5).  This Court erred when it held that equitable tolling was appropriate when the Plaintiff filed an action, in state court, against the Defendant, the federal government.  Therefore, this Court, in construing these conditions narrowly, now finds that Plaintiff's Privacy Act claim was time barred when it was filed in this Court on February 7, 2006 over two years after Plaintiff knew of the alleged violation.  Accordingly,

**IT IS ORDERED** that Defendant's motion for reconsideration  is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Privacy Act claim is **DISMISSED** as time-barred, and

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED.**

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Clara B. Cannon-Harper
P.O. Box 2862
Pine Bluff, AR 71613-2862

William L. Woodard, Esq.